IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Case No.: _____

| | |
|---|---|
| CARA BYAS,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS COLLINS, in his official capacity as Secretary of the United States Department of Veterans Affairs,<br><br>Defendant. | COMPLAINT FOR JUDICIAL REVIEW OF MERIT SYSTEMS PROTECTION BOARD DECISION |

NOW COMES the Plaintiff, CARA BYAS, by and through undersigned counsel, alleging and saying to the Defendant as follows:

## PARTIES, CAPACITY, JURISDICTION, AND VENUE

1. Plaintiff is a resident of Forsyth County, North Carolina. At all relevant times, Plaintiff was employed by the United States Department of Veterans Affairs, hereinafter referred to as "the Agency," at the Durham Veterans Affairs Medical Center in Durham, North Carolina, including in the position of Respiratory Care Supervisor, GS-9.

2. Defendant Douglas Collins is the Secretary of the United States Department of Veterans Affairs and is sued solely in his official capacity as the head of the Agency that employed Plaintiff.

3. Defendant is not an incompetent, a minor, or a member of the armed services.

4. The Court has jurisdiction over the parties and subject matter of this mixed case pursuant to 5 U.S.C. § 7703(b)(2), 28 U.S.C. § 1331, and 42 U.S.C. § 2000e-16(c).

5. Judicial review lies in the United Stated district court, rather than the Federal Circuit, where a federal employee seeks review of a Merit Systems Protection Board (MSPB) decision in

a mixed case that includes discrimination claims. *See Kloeckner v. Solis*, 568 U.S. 41, 133 S. Ct. 596, (2012); *Perry v. Merit Systems Protection Board*, 582 U.S. 420, 137 S. Ct. 1975 (2017).

6. Venue is proper in this District because the challenged employment practices occurred in Durham, North Carolina, Plaintiff resides in Winston-Salem, North Carolina, and the relevant employment records are located within North Carolina.

ADMINISTRATIVE EXHAUSTION AND PROCEDURAL HISTORY

7. Plaintiff pursued administrative remedies concerning discrimination arising from disciplinary action taken against her while employed at the Durham VA Medical Center.

8. On or about July 17, 2020, Plaintiff filed an Equal Employment Opportunity (EEO) complaint alleging that the Agency discriminated against her on the basis of race and sex.

9. Plaintiff later amended her July 17, 2020, EEO complaint to include reprisal for prior protected EEO activity in connection with a Letter of Reprimand issued on August 12, 2020.

10. The Equal Employment Opportunity Commission (EEOC) administrative decision reflects that Plaintiff worked as a Respiratory Care Supervisor at the Durham facility and that her discrimination claims were adjudicated through the federal-sector EEOC process.

11. On appeal, the EEOC affirmed the Agency's final order adopting the administrative judge's decision without a hearing and found that Plaintiff had not proven discrimination with respect to the Letter of Reprimand.

12. Plaintiff also sought relief before the MSPB concerning her termination and related personnel actions. In MSPB Docket No. DC-1221-24-0004-W-1, the Board issued an order dated March 25, 2026, upholding Plaintiff's termination.

13. The MSPB's notice of appeal rights states that if a case involves a claim of discrimination in connection with an action appealable to the Board, judicial review lies in an appropriate United

States district court within thirty (30) calendar days after receipt of the MSPB's final decision. 5 U.S.C. §7703(b)(2) and *Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).

14. This action is timely filed within the applicable period for judicial review of the MSPB's final decision.

FACTUAL BASIS FOR CLAIMS

15. Plaintiff alleges and incorporates by reference the allegations contained in the above paragraphs of its Complaint as if fully set forth herein.

16. Plaintiff is a black female federal employee who worked for the Department of Veterans Affairs in Durham, North Carolina from April 22, 2012.

17. During her employment, Plaintiff engaged in protected activity by pursuing EEO remedies and opposing conduct she believed to be unlawful.

18. In 2018, Plaintiff refused to unlawfully hyperventilate a patient during a CPR event in the Cardiac Critical Care Unit.

19. On or about December 6, 2018, Plaintiff contacted the EEO Office and the OIG Hotline to report that the then Respiratory Care Assistant Director, Pulmonary Service Chief, the then DVMAC Executive Director, and Medicine Service Chief were planning to discipline her regarding her refusal to hyperventilate a patient during a CPR event.

20. On or about January 9, 2020, Plaintiff reported to the Chief of Respiratory Care, Patient Care Coordinator/Director, and Ethics Committee Director that respiratory care assistants were providing unsupervised respiratory care therapy, treatments, and medications to patients. Plaintiff further reported that respiratory therapists were signing medical documents regarding events they did not witness.

21. On or about April 1, 2020, Plaintiff reported to the Medicine Services Administrative Officer complaints from other female staff members of bullying, intimidation, humiliation, and microaggression from the Respiratory Care Director and Assistant Respiratory Care Director.

22. On or about April 10, 2020, Plaintiff received a phone call informing her of a Proposal for Disciplinary Action letter in which she would be suspended from her supervisory position and be moved to the labor pool after receiving a complaint from a doctor.

23. Plaintiff received the Proposal for Disciplinary Action letter, but the complaint made by the doctor was not included in the letter. Plaintiff requested for further detail explaining why she was being moved to the labor pool, but did not receive anything.

24. On or about May 20, 2020, Plaintiff filed an EEO complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.

25. Similarly situated non-Black employees were treated more favorably, and management relied on distorted or incomplete accounts of workplace events to justify discipline against her.

26. In July 2020, Plaintiff filed for accommodations while working in the Labor Pool due to psychological distress stemming from being harassed by other staff for a patient's death that took place on March 20, 2020.

27. On or about July 17, 2020, Plaintiff filed an EEO complaint alleging that the Agency discriminated against her based on her race and sex. Plaintiff amended her EEO complaint for reprisal for prior EEO activity after receiving a Letter of Reprimand on August 12, 2020.

28. On or about July 21, 2020, the Agency wrote a Letter of Reprimand stating fraudulent allegations for "failure to follow orders", "failure in the performance of assigned duties" and failure to identify respiratory acidosis in a patient.

29. Plaintiff submitted a written confirmation of request for accommodation dated July 24, 2020, requesting removal from direct patient care, shorter tours, and continued assignment in the Labor Pool/Screening Pool or other administrative work.

30. On September 2, 2020, the reasonable accommodation coordinator responded that the letter Plaintiff had sent described symptoms but not medical conditions and stated: "I need to make sure condition meets ADA requirements."

31. On or about August 14, 2020, a VA clinical social worker wrote that Plaintiff's suffered from increased sleep deprivation, physical exhaustion, muscle tension, irritability, decreased stress tolerance, and a diminished capacity for attentiveness and concentration.

32. On or about August 22, 2020, Plaintiff submitted her rebuttal to the reprimand outlining that the action was based on allegations from Dr. Kraft that were unsubstantiated and that witness accounts favorable to her were not considered.

33. In a July 8, 2021 email to the Secretary of Veterans Affairs, Plaintiff wrote that she was being terminated for "standing firm and advocating for the proper care of a veteran," that she had received a written reprimand "without justification," and that management was trying to terminate her "on the technicality of being AWOL."

34. The Agency submitted a Motion for Summary Judgment, which was granted on May 16, 2022, by the EEOC's Administrative Judge (AJ).

35. On or about June 18, 2022, Plaintiff timely filed an appeal with the EEOC alleging employment discrimination in violation of Title VII of the Civil Rights Act of 194 (Title VII), as amended, 42 U.S.C. § 2000e et seq.

36. On or about November 10, 2022, the EEOC upheld the AJ's May 16, 2022, decision of granting the Agency's motion for summary judgment and affirmed the Agency's final ordering.

37. Plaintiff contended the reprimand was unwarranted and discriminatory based on her sex and race, and was intended to prevent her from being promoted.

38. Plaintiff further contended that the Agency's disciplinary and removal-related actions were not the product of a fair, unbiased, or even-handed process.

39. On or about December 5, 2023, Plaintiff received an IRA Jurisdictional Order informing Plaintiff of the MSPB's requirements and legal standard for establishing jurisdiction over Plaintiff's claims for whistleblower reprisal.

40. On or about December 12, 2023, Plaintiff filed an Individual Right of Action appeal alleging Defendant retaliated against her for protected whistleblowing disclosures and activity.

41. On or about December 19, 2023, Plaintiff filed a response to the IRA Jurisdictional Order, in which she attached copies of letters and emails to the Office of Special Counsel (OSC) and the Office of Personnel Management (OPM).

42. Plaintiff's December 19, 2023, response demonstrates she exhausted her claims regarding the July 2019 removal, the July 2020 written reprimand, and the fraudulent allegations made regarding the events on March 20, 2020.

43. Plaintiff's December 19, 2023, response further demonstrates she exhausted all her claims regarding her January 9, 2020, disclosures, her April 1, 2020, disclosures about harassment, and her December 6, 2018, disclosures relating to her supervisors' plan to discipline her for refusing to hyperventilate a patient.

44. On or about February 7, 2024, Plaintiff received an order requesting that she supplement her response to the IRA Jurisdictional Order with additional information to sufficiently prove that she exhausted all her claims with the OSC.

45. On or about March 25, 2026, MSPB upheld the Agency's decision for terminating Plaintiff.

46. Plaintiff exhausted or attempted in good faith to exhaust the administrative processes available to her and now seeks judicial review and relief in this Court.

## FIRST CAUSE OF ACTION:
### *Judicial Review of MSPB Final Decision in Mixed Case*

47. The above paragraphs are incorporated herein by reference as if fully set forth below.

48. The MSPB issued a final decision reviewable by this Court under 5 U.S.C. § 7703(b)(2).

49. The MSPB's decision should be reversed, vacated, or remanded because it was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence as to any civil-service determinations, contrary to law, and infected by unlawful discrimination.

50. Plaintiff sufficiently alleged and demonstrated to the MSPB her reprimand and termination were a result of her engaging in protected whistleblowing activity, such as disclosing unsupervised treatment by respiratory therapists and refusing to hyperventilate a patient.

51. Plaintiff seeks de novo adjudication of her discrimination claims and all relief available in a mixed case under governing federal law.

## SECOND CAUSE OF ACTION:
### *Race Discrimination in Violation of Title VII*

52. The above paragraphs are incorporated herein by reference as if fully set forth below.

53. Defendant, through the Department of Veterans Affairs, subjected Plaintiff to adverse actions, including discipline and termination-related action, because of Plaintiff's race.

54. Defendant's stated reasons for the challenged actions were not the true reasons but were a pretext for unlawful discrimination.

55. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of employment, loss of pay and benefits, damage to professional reputation, emotional distress, and other compensable harm.

**THIRD CAUSE OF ACTION:**
*Sex Discrimination in Violation of Title VII*

56. The above paragraphs are incorporated herein by reference as if fully set forth below.

57. Defendant, through the Department of Veterans Affairs, subjected Plaintiff to adverse actions, including discipline and termination-related action, because of Plaintiff's sex.

58. Defendant's conduct violated Title VII, 42 U.S.C. § 2000e-16.

**FOURTH CAUSE OF ACTION:**
*Reprisal in Violation of Title VII*

59. The above paragraphs are incorporated herein by reference as if fully set forth below.

60. Plaintiff engaged in protected EEO activity, of which Defendant was aware.

61. Thereafter, Defendant subjected Plaintiff to materially adverse actions, including discipline and termination-related action.

62. Plaintiff's protected activity was a motivating factor in Defendant's action, and Defendant's stated reasons were pretextual.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court for the following relief:

1. Assume jurisdiction over this action and review the MSPB's final decision in this mixed case.

2. Declare that Defendant violated Title VII by discriminating against Plaintiff on the basis of race and sex and by retaliating against Plaintiff for protected EEO activity.

3. Vacate, reverse, or remand the MSPB decision to the extent appropriate, and set aside the adverse actions challenged herein.

4. Order such make-whole relief as the Court deems proper, including front pay in lieu of reinstatement, back pay, restoration of benefits, correction of personnel records, expungement of disciplinary materials appropriate, and all other equitable relief authorized by law.

5. Award compensatory damages as allowed by law.

6. Award Plaintiff her costs, litigation expenses, and reasonable attorney's fees as permitted by law.

7. Grant such other and further relief as the Court deems just and proper.

This 27th day of April 2026

KING LAW OFFICES, PC
/s/Nicholas A. White
Nicholas A. White
NC Bar: 53661
22 S. Pack Square, Ste 700
Asheville, NC 28801
(828) 288-3085
nwhite@kinglawoffices.com
*Attorney for the Plaintiff*